# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HENRY NEITZEL, | ) | |
| | ) | |
| Claimant, | ) | No. 17 CV 64 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Robert H. Neitzel ("Claimant") seeks review of the final decision of Respondent Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"), denying Claimant's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") under Titles II and XVI of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 12.] The parties have filed cross-motions for summary judgment [ECF Nos. 15 and 16] pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1383(c) and 405(g). For the reasons stated below, Claimant's Motion for Summary Judgment [ECF No. 15] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 16] is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## I. PROCEDURAL HISTORY

Effective August 12, 2012, Claimant filed applications for DIB and SSI, alleging a disability onset date of October 30, 2011. (R. 108–111.) Claimant's applications were denied at the initial level, (R. 90, 99), and on reconsideration (R. 112, 122), after which time Claimant requested an administrative hearing before an administrative law judge ("ALJ"). On June 25, 2013, Claimant, represented by counsel, appeared and testified at an administrative hearing before ALJ Robert Senander. (R. 60–89.) On July 29, 2013, the ALJ issued an unfavorable decision. (R. 135–145.) The Appeals Council subsequently remanded the case back to the ALJ for further proceedings. (R. 150–153.) A new administrative hearing was held on June 12, 2015. (R. 15–61.) Claimant, represented by counsel, appeared and testified before ALJ Senander. (*Id.*) The ALJ also heard testimony from medical expert ("ME") Dr. Kathleen M. O'Brian and vocational expert ("VE") Aimee Mowery. (*Id.*)

On August 26, 2015, the ALJ issued his written decision denying Claimant's claims for DIB and SSI. (R. 157-171.) The opinion followed the five-step evaluation process required by Social Security Regulations ("SSR").[1] 20 C.F.R. § 404.1520. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since October 30, 2011, the alleged onset date. (R. 159.) At step two, the ALJ found that Claimant had the severe impairments of degenerative joint disease, obesity, diabetes mellitus, bipolar disorder, and alcohol abuse in remission. (*Id.*) At step three, the ALJ found that Claimant did not have an impairment or

---

[1] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000); *see* 20 C.F.R. § 402.35(b)(1). Although the Court is "not invariably bound by an agency's policy statements," the Court "generally defer[s] to an agency's interpretations of the legal regime it is charged with administrating." *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 160.) The ALJ then assessed Claimant's residual functional capacity ("RFC")[2] and concluded:

> [Claimant] has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except he can only stand or walk for two hours in a six hour [sic] workday. The claimant can sit for six hours at a stretch. He can occasionally climb stairs and ramps but can never climb ladders. He can occasionally balance, stoop, crouch but cannot crawl. He can have no contact with the general public and only occasional brief and superficial contact with coworkers and supervisors.

(R. 163.) Based on this RFC, the ALJ determined at step four that Claimant could not perform any past relevant work. (R. 169.) Finally, at step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Claimant could perform. (R. 170.) Specifically, the ALJ found Claimant could work as a weight tester (DOT # 539.485-010), final assembler (DOT # 713.687-018), and bench worker (DOT # 715.684-026). (R. 170.). Because of this determination, the ALJ found that Claimant was not disabled under Act. (R. 171.) The Appeals Counsel declined to review the matter on November 10, 2016, making the ALJ's decision the final decision of the Commissioner and, therefore, reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Baumhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his or her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may

---

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 42 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even where there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

### III. ANALYSIS

On appeal, Claimant asserts that the ALJ made two errors. First, Claimant argues that the ALJ improperly assessed his subjective complaints and credibility. Second, Claimant argues that the ALJ's proffered RFC is incomplete. For the reasons discussed below, the Court agrees that remand is required on both issues.

**A.     The Credibility Determination**

Claimant first contends that the ALJ erred in evaluating his subjective symptom statements and credibility. [ECF No. 15, at 7–13.] The ALJ's credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be

sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.[3] Although an ALJ's credibility determination is entitled to special deference, an ALJ still is required to "build an accurate and logical bridge between the evidence and the result." *Shramrek v. Apfel,* 226 F.3d 809, 811 (7th Cir. 2000). An ALJ's credibility determination only may be upheld if he gives specific reasons for the determination and provides substantial evidence in support of the determination. *Myles v. Astrue,* 582 F.3d 672, 676 (7th Cir. 2009).

On the record in this case, the Court finds that the reasons provided by the ALJ for her adverse credibility determination are legally insufficient and not supported by substantial evidence, warranting remand on this issue. *See Ghiselli v. Colvin*, 837 F.3d 771, 778–79 (7th Cir. 2016).

In particular, the Court finds that the ALJ improperly assessed Claimant's subjective complaints regarding his knee and lower back pain. The ALJ discounted Claimant's subjective allegations, in part because he believed that "treatment notes [did] not show any prescription for an ambulatory aid, [and] physicians did [not] observe that he used a cane for ambulation." (R. 166.) The ALJ's reasoning is flawed for two reasons. First, "[a] cane does not require a prescription." *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010); *see also Eakin v. Astrue*, 432

---

[3] In 2016, the Commissioner rescinded SSR 96-7p and issued SSR 16-3p, eliminating the use of the term "credibility" from the symptom evaluation process, but clarifying that the factors to be weighed in that process remain the same. *See* SSR 16-3p, 2016 WL 1119029, at *1, *7 (March 16, 2016). The ruling makes clear that ALJs "aren't in the business of impeaching claimants' character," but does not alter their duty to "assess the credibility of pain *assertions* by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original). However, the SSA recently clarified that SSR 16-3p only applies when ALJs "make determinations on or after March 28, 2016," and that SSR 96-7p governs cases decided before the aforementioned date. *See* Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017). The ALJ issued her opinion on April 10, 2015. (R. 28.) Therefore, the ALJ properly applied SSR 96-7p. Nonetheless, SSR 16-3p will apply on remand. *See* Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017).

F. App'x 607, 613 (7th Cir. 2011) (noting "the fact that an individual uses a cane not prescribed by a doctor is not probative of her need for the cane in the first place"); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (explaining that a lack of a prescription for an assistive walking device, is not on its own enough to discredit testimony regarding pain). Second, and more importantly, the record shows that Claimant was prescribed a bariatric cane and a quad cane. (R. 1072, 1112.) Further, on April 19, 2012, Claimant was observed walking with the assistance of a cane. (R. 732.) Consequently, the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ also erred by discounting Claimant's testimony about his ability to walk just a half block before his knees become irritated. (R. 164.) Claimant, who weighs over 300 pounds (R. 164), testified that he can walk past about four or five stores in the mall before he needs to sit down. (R. 37.) Claimant estimated that distance was about a half block. (*Id*.) The ALJ noted that Claimant's allegations "of the half mile[4] walking limits are contradictory to his statements as he walks around the interior of the mall while stopping to rest or sit down numerous times." (R. 164). It is unclear, however, what part of Claimant's testimony the ALJ found to be inconsistent. Claimant's testimony was consistent – he can walk a bit in the mall but he needs to sit down and rest after walking past four or five stores, which he estimated to be a distance of about a half block. (R. 37). The ALJ apparently did not believe Claimant's testimony that he could not walk more than a half block because, according to the ALJ, "with an estimated ability to only walk a half block, the claimant could not even get into the mall even considering his use of a handicapped parking permit." (R. 164). Without knowing what mall Claimant frequents, where he parks, whether he sits down to rest after he enters the mall and before he continues walking inside the

---

[4] The Court assumes the ALJ misspoke here using the term "half mile" because Claimant's testimony and the rest of the ALJ's analysis speaks in terms of a half block.

mall, and without any actual evidence in the record about any of these things, the ALJ's disbelief of Claimant's testimony in this regard is not supported by substantial evidence in the record. The ALJ did not question Claimant about any of this at the hearing and, instead, surmised that Claimant's testimony in this regard would be inconsistent with the ALJ's own assumptions. As such, the ALJ did not sufficiently articulate how Claimant's exercise routine, which was littered with needed rest breaks, contradicted his estimate that he can walk just a half block before he needs to rest.

Moreover, Claimant consistently reported issues with prolonged walking. *See* SSR 96-7p, at *5 ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."). For example, in his functional report, Claimant reported issues with walking, and needing to take frequent breaks. (R. 548.) During a field office interview, Claimant again reported issues with walking, sitting, and standing because of his back and knee pain. (R. 564.) Further, physical therapy records noted that Claimant could not walk more than 200 feet because of pain. (R. 781.) X-ray imaging on December 2, 2014, revealed mild degenerative joint disease. (R. 1104.) As noted above, Claimant was prescribed a cane, and testified that he was approved for a handicap placard. (R. 37.) Claimant was prescribed Vicodin, (R. 746, 754), and was switched to Tramadol because of elevated liver enzymes. (R. 759.); *see* 96-7p (in evaluating the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ should consider "the type, dosage, effectiveness, and side effects of any medications the individual takes or has taken to alleviate pain or other symptoms"); *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004) (explaining that pain treatment procedures can include "heavy doses of strong drugs such as Vicodin, Tramadol, Demerol, and even morphine"); *Zurawski*, 245 F.3d at 888 (criticizing ALJ for failing to consider prescription

medication in subjective complaints analysis). While the ALJ does not need to address every piece of evidence, "he must articulate some legitimate reason for his decision." *Clifford*, 227 F.3d at 872 (citation omitted). The ALJ did not provide legitimate reasons to support his decision that the evidence in the record does not support Claimant's complaints of pain.

In addition to improperly discounting Claimant's subjective complaints of pain, the ALJ also failed to properly evaluate Claimant's complaints related to diabetes, namely blurred vision and sensory abnormalities of the upper and lower extremities. The ALJ stated that Claimant's credibility was questionable "given his failure to comply with prescribed medical treatment." (R. 165.) Specifically, the ALJ took issue with Claimant's failure to take insulin.[5] (*Id*.) The record however, is replete with evidence documenting Claimant's fear of needles. (R. 734, 738, 918, 115, 1164.) Furthermore, treatment notes document that management of Claimant's diabetes was complicated by his psychiatric problems. (R. 1112.); *Kangail v. Barnhart*, 454 F.3d 627, 630 (7th Cir. 2006) (explaining that bipolar disorder "may prevent the sufferer from taking her prescribed medicines or otherwise submitting to treatment."). Notably, Claimant seemed to be compliant with the orally prescribed medications for his diabetes. Thus, when considered in context of Claimant's bipolar disorder, Claimant's phobia of needles constituted a good reason for non-compliance. *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014).

The ALJ also noted that Claimant failed to set up appointments for diabetic treatment, citing to two treatment notes from 2012. (R. 165.) In doing so however, the ALJ failed to consider that Claimant did not have insurance during that time. Claimant testified that he did not have insurance until 2013. (R. 34.) The record corroborates Claimant's statements as he experienced housing and financial stressors. (R. 908.); *Craft*, 539 F.3d at 679 (citing to SSR 96-7p which noted

---

[5] Insulin is administered through injection. *Available at* https://www.drugs.com/insulin.html (last viewed July 5, 2018).

8

that "inability to afford treatment" can constitute a good reason for failure to follow a treatment plan); *see also Myles v. Astrue*, No. 11 C 4795, 2012 WL 3961221, at *10 (N.D. Ill. Sept. 4, 2012).

In sum, the ALJ failed to "build an accurate and logical bridge from the evidence to [his] conclusion." *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal quotation omitted). This prevents the Court from assessing the validity of the ALJ's findings and providing meaningful judicial review. *See Scott*, 297 F.3d at 595. While the Court does not hold that the ALJ should have accepted Claimant's allegations without any analysis whatsoever, the foundation underlying his assessment was inadequate. Greater elaboration and explanation is necessary to ensure a full and fair review of the evidence. *See Zurawski*, 245 F.3d at 888. On remand, the ALJ should re-evaluate Claimant's subjective symptom statements pursuant to SSR 16-3p, with due regard to the full range of medical evidence, sufficiently articulate how he evaluated that evidence, and then explain the logical bridge from the evidence to his conclusions.

**B.     The RFC Determination**

A claimant's RFC is the maximum work that he can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1). "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012); *see also* 20 C.F.R. § 404.1545(3). The ALJ's RFC, as well as the hypotheticals posed to the VE "must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014).

In his functional report, Claimant noted that he was using a cane for balance and ambulation. (R. 549.) Claimant also testified at the hearing that he used the cane while walking at the mall for exercise. (R. 36–41.) Treatment notes indicate that he was prescribed a bariatric

9

cane, (R. 1072), and a quad cane. (R. 1112.) Despite this evidence, the ALJ erroneously excluded cane use from his RFC on the ground that it was not prescribed. The ALJ may not ignore favorable evidence, and must evaluate the record fairly. *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). Indeed, the agency's own regulations mandate that the ALJ should have included the cane in Claimant's RFC. *See* SSR 96-9p ("[t]o find a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device). Hence, "the ALJ's failure to address [Claimant's] need for a cane requires remand." *Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013); *Miller v. Colvin*, No. 2:13-CV-028, 2015 WL 1884782, at *11 (N.D. Ind. Apr. 24, 2015) (criticizing ALJ, in part, for not incorporating the use of a cane into any of the hypotheticals posed to the VE). Moreover, state doctors, upon whom the ALJ relies, did not review the evidence documenting Claimant's cane prescription. Therefore, the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." *Newell v. Astrue*, 869 F. Supp. 2d 875, 892 (N.D. Ill. 2012) (citations omitted).

Finally, the Court does not find any issue with the mental limitations in Claimant's RFC. Claimant contends that the ALJ failed to account for his impairments in concentration, persistence and pace. The ALJ gave "significant weight" to Dr. O'Brian, a medical expert who testified at the hearing. (R. 168.) Dr. O'Brian reviewed the entire record, and had the opportunity to hear Claimant's testimony. (R. 46.) She opined that Claimant would have mild difficulties in daily living, moderate difficulties in social functioning, and moderate difficulties with concentration, persistence, or pace. (R. 50.) Significantly however, Dr. O'Brian explained that the moderate finding in this category was related to his social functioning. (R. 51.) Relying on this testimony, the ALJ reasonably limited Claimant's ability to interact with others. *Milliken v. Astrue*, 397 F. App'x 218, 221 (7th Cir. 2010) (upholding ALJ's RFC that did not include limitations in

concentration, persistence, or pace, in part, because a ME "effectively translated an opinion regarding the claimant's mental limitations into an RFC assessment").

## IV. CONCLUSION

For the reasons stated above, Claimant's Motion for Summary Judgment [ECF No. 15] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 16] is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 23, 2018